## Joiner v. Pryor.

(Decided June 18, 1915.)

### Appeal from Trigg Circuit Court.

Boundaries—Dividing Line—Location—Conflicting Evidence.— Where the evidence is conflicting as to whether or not the natural

objects called for in the deed of partition are still standing, the question is for the jury.

ROBERT CRENSHAW for appellant.

MAX HANBERRY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Thomas H. Joiner, brought this action against defendant, Charles Pryor, to recover a small strip of land, lying between what plaintiff claims is the true line dividing his land from that of the defendant and a line run by the county processioners. From a verdict and judgment in favor of the defendant, plaintiff appeals.

Plaintiff, Thomas H. Joiner, and his brother, Nathan Joiner, were the joint owners of the two tracts of land now owned by plaintiff and defendant. In the year 1886 the land was partitioned between plaintiff and his brother. Defendant now owns that portion of the tract formerly owned by plaintiff's brother. The case turns on the proper location of the dividing line between the two tracts. That line begins in the center of the LaFayette and Canton road at a stake standing S. 2½ W. 1 pole from a persimmon tree and small black oak pointers, and runs N. 2½ E. 116 poles to a stake in the north boundary line of the 125 acres, and standing N. 46 W. 14 links from a black gum pointer marked "T. & J."

The evidence for plaintiff is to the effect that the persimmon and black oak trees near the south line of the survey are still standing and that the gum tree near the north line is also still standing, and if the dividing line be surveyed according to these established corners the line is located as claimed by plaintiff. On the other hand, defendant's evidence tends to show that the trees now standing are not the trees called for in the partition deeds, and that if the land be surveyed according to the calls and distances the dividing line was located where the processioners placed it. The trial court told the jury, in substance, to find for the plaintiff if they believed from the evidence that the persimmon and black oak near the south line of the survey and the gum tree near the north line were the true natural objects or monuments referred to in the partition deeds. On

the other hand, he instructed the jury that if they did not believe that these trees were the true natural objects or monuments called for, they should find for the defendant. It is not insisted that the instructions are wrong but that the jury disregarded the instructions. To so hold, we would have to say that the evidence conclusively shows that the trees called for in the partition deeds are still standing. This we cannot do, in view of the conflicting evidence, making the question peculiarly one for the jury.

We find in the record no error prejudicial to the substantial rights of plaintiff.

Judgment affirmed.